

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00384-CV

———————————————————

ERIN JEPSON, N.P., Appellant

V.

SALINA S. WYRICK, Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-292369-17

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

In a prior appeal, this court reversed the trial court's order denying Appellant Erin Jepson's motion to dismiss Appellee Salina S. Wyrick's health care liability claim against her and remanded the case for the trial court to consider granting Wyrick a thirty-day extension to attempt to cure deficiencies in the expert report. *Jepson v. Wyrick*, No. 02-18-00148-CV, 2019 WL 2042303, at *11 (Tex. App.—Fort Worth May 9, 2019, no pet.) (mem. op.). In that opinion, we held that the deficiencies in the report did not make it "a non-report, and we [could ]not say that it [was] impossible for the deficiencies in the report to be cured." *Id.* (citing *Columbia Valley Healthcare Sys., L.P. v. Zamarripa*, 526 S.W.3d 453, 461–62 (Tex. 2017) ("[A] court must grant an extension if a report's deficiencies are curable.")). After our remand, the trial court signed an order granting Wyrick's motion for a thirty-day extension to cure the deficiencies in the expert report regarding her claims against Jepson. That order does not rule on Jepson's motion to dismiss. Jepson now attempts to appeal the trial court's order granting Wyrick the thirty-day extension. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c). We dismiss this interlocutory appeal for want of jurisdiction.

After this court sent a letter to Jepson indicating our concern that we lack jurisdiction over this appeal because the order appears to be an unappealable interlocutory order, *see id.* § 51.014(a)(9) (stating "that an appeal may not be taken from an order granting an extension under Section 74.351"), Wyrick nonsuited her claims against Jepson. We then sent a second letter repeating our concern that we

2

lack jurisdiction because the order appears to be an unappealable interlocutory order and adding that based on the nonsuit, the appeal also appears to be moot. Jepson did not respond to either letter.

We have appellate jurisdiction of appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. In health care liability cases, the Texas Legislature has specified that a defendant cannot appeal a trial court's interlocutory ruling granting a plaintiff a thirty-day extension authorized by Section 74.351(c) to cure deficiencies in an expert report. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(9), 74.351(c); *Scoresby v. Santillan*, 346 S.W.3d 546, 549, 555, 557 (Tex. 2011); *Wyrick v. Jayson*, No. 02-18-00104-CV, 2018 WL 3385870, at *4 (Tex. App.—Fort Worth July 12 , 2018, no pet.) (mem. op.); *cf. In re Watkins*, 279 S.W.3d 633, 634 (Tex. 2009) (orig. proceeding) (holding mandamus unavailable to review granting of Section 74.351(c) extension because "it would subvert the Legislature's limit on such review").

We therefore do not have jurisdiction over this appeal. *See Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex. 2007); *Wyrick*, 2018 WL 3385870, at *4. We need not reach the issue of mootness. *See* Tex. R. App. P. 47.1. Because we lack jurisdiction over this appeal, we dismiss it. *See* Tex. R. App. P. 42.3(a), 43.2(f).

3

Per Curiam

Delivered:  January 30, 2020